PER CURIAM.
 

 John Keeler appeals an order entered on June 10, 2010, finding him in contempt of court, ordering his incarceration and providing a purge amount of $131,500. He paid the purge amount. Because of delays in the briefing schedule, this matter was not heard for oral argument until May 11, 2011. We affirm the order under appeal in all respects except the trial court’s finding the husband in criminal contempt. We can understand the frustration of the trial court with all the evidence that was presented, but the court’s finding that Mr. Keeler had the present ability to pay was “based upon his history of obtaining funds when needed.” In
 
 Bowen v. Bowen,
 
 471 So.2d 1274, 1279 (Fla.1985), the Florida Supreme Court stated:
 

 “If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order. In determining whether the contemnor possesses the ability to pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to
 
 all assets
 
 from which the amount might be obtained.”
 

 From the trial court’s order, it seems the judge focused on the past, not the present ability to pay. We therefore vacate the contempt but otherwise affirm. We need not remand the case because the husband has paid the purge amount already.
 

 Affirmed in part; reversed in part.